IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 20-cr-00014-PAB-2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  EUSEBIO SALOMON-SILLAS,

    Defendant.

_____

**ORDER**
_____

The matter before the Court is the Motion for Sentence Reduction [Docket No. 370], filed by defendant Eusebio Salomon-Sillas.[1] The government responded. Docket No. 387.

On January 12, 2021, Mr. Salomon-Sillas pled guilty to one count of possession of heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i). Docket No. 113 at 2. On March 30, 2021, the Court sentenced Mr. Salomon-Sillas to 120 months imprisonment, followed by 5 years of supervised release. Docket No. 161; Docket No. 170 at 2–3. At sentencing, the Court found the total offense level to be 31 and determined Mr. Salomon-Sillas's Criminal History Category to be III, which resulted in a sentencing range of 135 to 168 months imprisonment. *See* Docket No. 211 at 20:14–19. Mr. Salomon-Sillas is currently incarcerated at FCI Oakdale, a low-security

---

[1] Because Mr. Salomon-Sillas is proceeding pro se, the Court construes his filings liberally without serving as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

federal correction institution in Louisiana.  *See* Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/.  Mr. Salomon-Sillas's projected release date is July 25, 2027.  *Id.*

On January 16, 2024, Mr. Salomon-Sillas filed a pro se motion for a reduction in his sentence based on Amendment 821 to the Sentencing Guidelines.  Docket No. 370.  The government filed a response opposing Mr. Salomon-Sillas's motion on September 5, 2024.  Docket No. 387.

Generally, a federal court may not alter a term of imprisonment once it has been imposed.  *See Dillon v. United States*, 560 U.S. 817, 824 (2010); 18 U.S.C. § 3582(c).  However, under 18 U.S.C. § 3582(c)(2), a court may reduce a defendant's sentence when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)."  18 U.S.C. § 3582(c)(2).  Section 3582(c)(2) "establishes a two-step inquiry."  *Dillon*, 560 U.S. at 826.  "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."  *Id.* at 827.  "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."  *Id.*

On November 1, 2023, the Sentencing Commission adopted Amendment 821 to the Sentencing Guidelines in order to "make[ ] targeted changes to reduce the impact of providing additional criminal history points for offenders under a criminal justice

2

sentence (commonly known as "status points"), to reduce recommended guideline ranges for offenders with zero criminal history points under the guidelines ("zero-point offenders"), and to recognize the changing legal landscape as it pertains to simple possession of marihuana offenses." *See* U.S.S.G., Supp. to App. C., Amend. 821 (U.S. Sentencing Comm'n 2023). Before November 2023, the Sentencing Guidelines assessed two criminal history points, known as "status points," for an offense committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *United States v. Espinoza-Pena*, 2024 WL 1675672, at *1 (D.N.M. Apr. 18, 2024) (citing U.S.S.G. § 4A1.1(d) (2022)). In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision such that a person who has seven or more criminal history points now receives only one additional "status point," instead of two. *Id.* In addition, a person with six or fewer criminal history points now receives no status points. *Id.*

"Part B of Amendment 821 creates a new guideline, § 4C1.1, which provides for a decrease of two offense levels for 'Zero-Point Offenders.'" *United States v. Espinoza*, No. 21-cr-00250-WJM, 2024 WL 4108576, at *1 (D. Colo. Sept. 6, 2024). Under this provision, defendants are "eligible for a decrease of two offense levels if they are a 'Zero-Point Offender,' *i.e.*, a defendant with no criminal history points." *Id.* To be eligible, a defendant must also meet the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;

3

> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

*Id.* at *1-2 (citing U.S.S.G. § 4C1.1(a)). Amendment 821 applies retroactively. *United States v. Stites*, 2024 WL 3535120, at *1 (D. Kan. July 24, 2024).

Mr. Salomon-Sillas maintains that Part B of Amendment 821 altered his sentencing guideline range by reducing the offense level by two levels.[2] *See* Docket No. 370 at 1–2 ("the defendant is eligible for the two-point reduction pursuant to amendment 821 because . . . the defendant in this instant case fall[s] within all the requested conditions by the 4C1.1"). The government disputes that Part B of Amendment 821 alters Mr. Salomon-Sillas's guideline range. Docket No. 387 at 1. The Court finds that Mr. Salomon-Sillas is not eligible for the sentence reduction he seeks because he did not have zero criminal history points at sentencing. Rather, Mr. Salomon-Sillas received 4 criminal history points for offenses committed between 2016 and 2018, which resulted in a Criminal History Category of III. *See* Docket No. 156 at 16–17. Moreover, Mr. Salomon-Sillas received a four-level enhancement in calculating the offense level pursuant to U.S.S.G. §3B1.1(a) due to his role as a leader or organizer of the criminal activity. *Id.* at 16. As such, Mr. Salomon-Sillas does not meet the criteria

---

[2] The Court does not construe Mr. Salomon-Sillas's motion as a motion made pursuant to Part A of Amendment 821 because Mr. Salomon-Sillas did not receive any status points at sentencing. *See* 156 at 17.

for receiving a sentence reduction under Part B of Amendment 821.  U.S.S.G. 4C1.1(a) ("If the defendant meets all of the following criteria: . . . (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role); and . . . was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848; decrease the offense level determined under Chapters Two and Three by 2 levels.").  Accordingly, the Court finds that Amendment 821 does not make Mr. Salomon-Sillas eligible for a reduction in his sentence.

For the foregoing reasons, it is

**ORDERED** that the Motion for Sentence Reduction [Docket No. 370] is **DENIED**.

DATED January 10, 2025.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge